**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4133

THOMAS PAUL JORDAN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-94-618)

Submitted: September 30, 1996

Decided: November 5, 1996

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William G. Yarborough, III, Greenville, South Carolina, for Appel-
lant. Margaret B. Seymour, United States Attorney, William C.
Lucius, Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Paul Jordan, Jr., appeals the 180-month sentence he received after he pled guilty to kidnapping, 18 U.S.C.A. § 1201 (West 1984 & Supp. 1996), and to using and carrying a firearm in a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1996). He contends that the district court erred in enhancing his sentence for reckless endangerment during flight, USSG § 3C1.2,* and for a ransom demand, USSG § 2A4.1(b)(1). We affirm.

In March 1994, Jordan and Brad Showalter drove from Kentucky to James Wood's home in Abbeville, South Carolina. They intended to recover $15,000 allegedly stolen from Jordan when he tried to buy ten pounds of marijuana from Wood and L.J. Alexander. Both Jordan and Showalter were armed. Wood attempted to bar their entry to his house, but he let them in after Showalter's gun discharged during the struggle. Wood had two visitors staying with him, David Cabbage and his 20-year old daughter Candy, who was mentally retarded, physically handicapped, and confined to a wheelchair. Jordan took $2000 from Wood and a small amount of money from Cabbage. When Wood said he might be able to get more money from a relative, he and the Cabbages were bound and placed in Wood's car.

Jordan drove the victims into Georgia with Showalter following in Jordan's car. After a night in a motel, Showalter took the Cabbages to a motel in Tennessee; Jordan was to meet him there later. Jordan and Wood drove to Greenville, South Carolina, where Wood said he could get the money. Once there, Wood escaped and notified authorities that he had been kidnapped. Jordan drove to the meeting place in Tennessee and allowed the Cabbages to leave in Wood's car.

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

2

In June 1995, Jordan was arrested in Louisville, Kentucky. He said his name was Paul Ford and provided false identity papers in that name. He was taken to the Federal Bureau of Investigation (FBI) office to be fingerprinted so that his identity could be established. While Jordan was in the FBI office, he attempted to escape. An FBI agent who tackled Jordan as he ran down a corridor suffered a broken rib. Jordan continued his flight, climbing on the modular furniture in a large office area and going from work space to work space until he was cornered by three agents.

An adjustment is warranted under USSG § 3C1.2 if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Merely avoiding or fleeing from arrest does not warrant an adjustment. See USSG § 3C1.1, comment. (n.4(d)). We review the district court's factual findings for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). To the extent that the court's ruling required interpretation of a guideline term, we review the court's determination de novo. Id.

This court has held that "endangering others during flight or in the course of resisting arrest involves active, willful behavior; in contrast, mere flight or disagreeableness during an encounter involves more passive or instinctive conduct." United States v. John, 935 F.2d 644, 648 (4th Cir. 1991). Jordan maintains that his conduct was "mere flight" and that his actions were impulsive, unplanned, and "governed by an instinctive urge to flee." He argues that the adjustment only applies in cases involving high-speed car chases and shoot-outs with arresting officers. However, the district court found that Jordan's conduct created a substantial risk of serious bodily injury to others and actually resulted in an injury. This finding was not clearly erroneous.

While Jordan's conduct may have been impulsive, it was also active and willful. It was different from avoiding or fleeing arrest by leaving town or going out the back door as police officers come in the front door. Jordan was already in custody on the fifth floor of the FBI building. Flight at that point necessarily created a danger of injury to those people attempting to recapture him and to bystanders. Consequently, the district court did not err in holding that the adjustment applied, particularly because one of his pursuers suffered an injury.

3

The commentary to the guideline for kidnapping explains that the enhancement is to be made if the offense was committed for ransom. See USSG § 2A4.1(b)(1), comment. (backg'd). Jordan argued in the district court that he never tried to collect a ransom but was only interested in recovering the money Wood had stolen from him. The district court found that the enhancement was appropriate if there was a demand for money in connection with the kidnapping whether or not the money was owed to the defendant. The court's determination is reviewed de novo because it involves the interpretation of a guideline term. Daughtrey, 874 F.2d at 217.

On appeal, Jordan provides no authority to support his position that a demand for money owed to the kidnapper is not a ransom demand. Jordan held Wood and the Cabbages as prisoners with the intent of thus forcing Wood to pay him money. Because a ransom is money paid to secure the freedom of a captive, the enhancement was correctly applied. The fact that Wood may have owed the money to Jordan does not change this result.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4